# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# AT CHARLESTON

| | |
|---|---|
| **JATE IV Trust,** ) | Case No. 2:17-cv-37-RMG-MGB |
| ) | |
| **Appellants,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Bank of New York Mellon.** ) | |
| ) | |
| **Appellee,** ) | |
| v. ) | |
| ) | |
| **Interested Party** ) | |
| **Bankruptcy Court** ) | |
| ) | |
| _____ ) | |

    This *pro se* bankruptcy appeal has been referred to the United States Magistrate Judge for initial review. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2), the United States Magistrate Judge is authorized to review the record and to submit proposed findings and recommendations to the United States District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that this appeal should be **dismissed** for the following reasons:

    On January 3, 2017, Thomas F. True, as Trustee filed a notice of appeal (which appears to consist of two duplicate forms). He signed as "Trustee" on behalf of the JATE IV Trust ("Appellant").[1] (See DE# 1 at 1-4). The notice of appeal pertains to the United States Bankruptcy Court's Order of December 21, 2016 in Bankruptcy Case No. 15-3834-DD. (DE# 1-1 at 1-7, copy of Order). In such final order, Chief United States Bankruptcy Judge David Duncan determined that the JATE IV Trust had filed for Chapter 11 bankruptcy in "bad faith" for the purpose of

---

[1] Each notice of appeal is captioned as a "Notice of Appeal and Statement of Election." Each pre-printed form contains a box for Appellant to check if Appellant elects "to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel." Appellant did not check the box on one form (DE# 1 at 2, Part 4), but did check the box on the other unsigned form (*Id*. at 4, Part 4).

delaying the foreclosure sale proceedings against the Trust's sole asset, a house in the Snee Farm community of Mt. Pleasant, South Carolina. (*Id*. at 7 "The timing of Debtor's bankruptcy filing just prior to the foreclosure sale evidences an intent to delay BONYM's legitimate efforts to enforce its rights"). The United States Bankruptcy Judge found that the JATE IV Trust had "no realistic possibility of reorganization," that any "Chapter 11 rehabilitation is objectively futile," and that the bankruptcy case "was subjectively filed in bad faith." (*Id*.). Therefore, the Bankruptcy Court ordered that the Chapter 11 bankruptcy proceedings be dismissed.

The record reflects that Thomas F. True (who is not an attorney) is now attempting to pursue an appeal on behalf of the Appellant. One of the Appellant's notices of appeal is signed by True, the other has True's name typed on the signature line. (DE# 1 at 1-4). True is incarcerated in federal prison and is using an office address in Charleston, South Carolina as the mailing address for the Appellant. [2] However, no legal counsel has entered an appearance on behalf of the Appellant in this appeal. Thomas F. True is not an attorney and may not litigate on behalf of another entity, such as the JATE IV Trust. Rule 83.I.04 of the Local Civil Rules for the District of South Carolina specifically requires that "[l]itigants in civil and criminal actions, except for parties appearing *pro se*, must be represented by at least one member of the bar of this court who shall sign each pleading, motion, discovery procedure, or other document served or filed in this court."

Although a citizen may litigate or defend his own case, South Carolina Code § 40–5–310 (2011) provides that "[n]o person may either practice law or solicit the legal cause of another person or entity in this State unless he is enrolled as a member of the South Carolina Bar pursuant to applicable court rules, or otherwise authorized to perform prescribed legal activities by action

---

[2] The Court takes judicial notice of the fact that Thomas F. True was convicted of extortion and is presently incarcerated in federal prison at F.C.I.-Fort Dix, United States Bureau of Prisons Register Number: 21269-171, with a projected release date of 11/29/2020. See https://www.bop.gov/inmateloc.

of the Supreme Court of South Carolina." *See also Medlock v. Univ. Health Servs., Inc.*, 404 S.C. 25, 27 (2013) (observing that "the generally understood definition of the practice of law embraces the preparation of pleadings and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts"); *Roberts v. LaConey*, 375 S.C. 97, 103 (2007) (same). In addition, South Carolina Code Section 40–5–310 (2011) penalizes the unauthorized practice of law, specifically providing that "[a] person who violates this section is guilty of a felony and, upon conviction, must be fined not more than five thousand dollars or imprisoned not more than five years, or both."

Research reflects that the weight of case law authority holds that a non-attorney trustee may <u>not</u> litigate or appear in court on behalf of a trust. The United States Supreme Court has observed that:

> It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.

*Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). This rationale applies to trusts. *See Real Estate Unlimited, LLC v. Rainbow Living Trust*, 2004 WL 6248341 (S.C.Ct. App. Jan. 15, 2004) (collecting cases, and observing that "numerous other jurisdictions have addressed the issue and found a trustee's appearance in court on behalf of the trust would constitute the unauthorized practice of law"); *Williams v. Global Constr. Co.*, 498 N.E.2d 500, 502 (Ohio Ct.App.1985) (finding where trustee brought action on behalf of trust, he was acting as counsel for the trust and engaged in the unauthorized practice of law).

In *Rainbow Living Trust*, the South Carolina Court of Appeals explained that S.C. Code § 40–5–80 allows a person to bring his own cause, but "does not authorize a non-attorney trustee of a valid trust to represent the trust in the court of common pleas because the action would not be

the trustee's own cause but rather that of the trust and its beneficiaries." *Id.*; *see also Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) ("A non-lawyer, such as these purported [pro se trustees], has no right to represent another entity, i.e., a trust, in a court of the United States."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a person's status as trustee does not include the right to present arguments *pro se* in federal court and "cannot be viewed as a 'party' conducting his 'own case personally' within the meaning of [28 U.S.C. § 1654]."); *Olisa Foundation v. Purdue University*, 2014 WL 11512590, *1 (D.N.Mex. Oct. 2, 2014) (declining to allow trustee to represent the Foundation *pro se* because a "corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court").

Accordingly, the Magistrate Judge recommends that if the Appellant does not obtain legal counsel who enters an appearance in this appeal by March 9, 2017, this appeal should be **dismissed**.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 16, 2017
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).