IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JATE IV Trust, ) | Civil Action No. 2:17-37-RMG |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Bank of New York Mellon, ) | |
| ) | |
| Appellee. ) | |

This matter is before the Court on Appellee's motion to dismiss the appeal of the order dismissing the underlying Chapter 11 bankruptcy case *In re JATE IV Trust*, No. 15-3834-DD (Bankr. D.S.C. December 21, 2016). (Dkt. No. 8.)  On December 21, 2016, the Bankruptcy Court dismissed the underlying bankruptcy case as "objectively futile" and "subjectively filed in bad faith." On January 5, 2017, John True purported to file a notice of appeal from the order of the Bankruptcy Court on behalf of debtor JATE IV Trust. (Dkt. No. 1.) The notice of appeal states that the Trust appears *pro se*. (*Id.* at 3.) John True purportedly signed the notice of appeal as "POA" for trustee Thomas F. True, who on July 23, 2012 pleaded guilty to conspiracy to commit extortion and is currently a federal prisoner at FCI Fort Dix in New Jersey.

The notice of appeal Mr. True filed on behalf of the debtor trust is not cognizable and has no legal effect. A trust may not litigate *pro se* through a non-lawyer trustee. *Real Estate Unlimited, LLC v. Rainbow Living Trust*, No. 2004-UP-019, 2004 WL 6248341, at *2 (S.C. Ct. App. Jan. 15, 2004). Nor may a trust litigate through the son of its imprisoned non-lawyer trustee. The Court therefore has no jurisdiction to hear this appeal from the Bankruptcy Court. *See* Fed. R. Bankr. P. 8002; *Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1110–11 (4th Cir. 1986); *In re Starcher*, 255 B.R. 292, 293 (S.D.W. Va. 2000).

The Court therefore **GRANTS IN PART AND DENIES IN PART** Appellee's motion to dismiss (Dkt. No. 8) and **DISMISSES WITHOUT PREJUDICE** the appeal. The Court **GRANTS** the motion to dismiss insofar as the appeal is dismissed, but **DENIES** request for dismissal with prejudice because the dismissal is on jurisdictional grounds. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice . . . .").

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 17, 2017
Charleston, South Carolina